KAREN P. HEWITT
United States Attorney
SANJAY BHANDARI
California State Bar No. 189120
VALERIE H. CHU
California State Bar No. 241709
JASON A. FORGE
California State Bar No. 181542
PHILLIP L. B. HALPERN
California State Bar No. 133370
Assistant U.S. Attorneys

Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7042/7837/7463/5165

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. '07 CV 2194 WQH (AJB) |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |
| v. | |
| $1,012,538.75 IN U.S. CURRENCY, | |
| Defendant. | |

Plaintiff, the United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney and Sanjay Bhandari, Valerie H. Chu, Jason A. Forge, and Philip L.B. Halpern, Assistant U.S. Attorneys, brings this verified complaint and alleges as follows against Defendant $1,012,538.75 in United States currency, which was provided to the Government by Parkview Financial, Inc. (hereinafter referred to as "defendant $1,012,538.75"), in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

//

## JURISDICTION

1. This is a forfeiture action *in rem* brought pursuant to 18 U.S.C., Sections 981 (a) (1) (A) and 981 (a) (1) (C). This Court has jurisdiction over an action commenced by the United States under Title 28, United States Code, Section 1345, and over this action for forfeiture by virtue of the provisions of Title 28, United States Code, Sections 1355(a) and 2461(a).

2. This Court has *in rem* jurisdiction over the defendant property under Title 28, United States Code, Section 1355(b). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to Title 28, United States Code, Section 1355(d) and Supplemental Rule G(3)(c).

## VENUE

3. Venue is proper in this district pursuant to Title 28, United States code, Sections 1355 and 1395(b) because the defendant $1,012,538.75 was sent to the Southern District of California by Thomas Kontogiannis's attorney with the intent that it be forfeited to the United States.

4. The defendant $1,012,538.75 was subsequently given to the United States Internal Revenue service for deposit into a Treasury Suspense Account maintained by the United States Treasury Department. Pursuant to Supplemental Rule G(3), the Internal Revenue Service will be served with the arrest warrant *in rem* issued by this Court.

## BASIS FOR FORFEITURE

5. The defendant $1,012,538.75 is property constituting or derived from proceeds traceable to the proceeds of wire fraud in violation of Title 18, United States Code, Sections 1343, and bank fraud in violation of Title 18, United States Code, Section 1344, and is thus subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C).

6. The defendant $1,012,538.75 is also property constituting or derived from proceeds traceable to a violation of Title 18, United States Code, Section 1957, and is thus subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(A).

//

## FACTS

7. Thomas Theodore Kontogiannis (also known as "Tommy K") is a New York resident that has been associated with scores of different businesses. These businesses appear to operate in diverse areas, including construction, property management, and mortgage brokerage.

8. On May 30, 1993, Kontogiannis was arrested (along with an official from the United States Embassy) and charged with immigration fraud, false statements, visa fraud, bribery and conspiracy. Thereafter, Kontogiannis pled guilty to conspiracy to smuggle illegal aliens into the United States. On September 14, 1994, he was sentenced to five years probation, fined $12,000, and placed on three months' house arrest. The court also ordered restitution in the amount of $8,000.

9. In 2000, the Queens County District Attorney's Office in New York was investigating Kontogiannis and others for their involvement in a scheme to rig bids, pay bribes, receive kickbacks and fix New York Board of Education contracts to supply millions of dollars worth of computers to the public school system.[1]

10. On October 31, 2000, Kontogiannis was arrested (along with four other individuals and five corporations) for charges stemming out of the bid-rigging scheme. Subsequently, Kontogiannis and several of his related businesses, including Brookville Plaza Management Inc., Olympicorp International and Group Kappa Corp., were charged in a 123-Count Indictment (no. 2883/2000) filed in the New York Supreme Court, County of Queens. Among other things, the Indictment charged Kontogiannis with Grand Larceny, Conspiracy, Bribery and falsifying records.

11. On October 18, 2002, Kontogiannis, Olympicorp, and Group Kappa Corp. (among others) pled guilty in Queens County Superior Court to Scheme to Defraud (in the 2nd Degree), an Attempted Donnelly Act violation; and Giving Unlawful Gratuities. In his plea, Kontogiannis

---

[1] On October 19, 2000, then Congressman Randy "Duke" Cunningham wrote to the Queens District Attorney (on his Congressional letterhead) asserting "that there may be a political agenda being waged [in this matter and that] Mr. Kontogiannis is being allegedly victimized." In the letter, he also indicates that he has "filed a congressional inquiry with Chairman Henry Hyde of the House Judiciary Committee on this matter.

admitted to taking part in a corrupt scheme to rig bids, pay bribes and receive kickbacks in order to influence the awarding of school computer contracts.[2]

12. On or about September 6, 2005, another business that was controlled by Kontogiannis, InterAmerican Mortgage Corporation, agreed to reimburse the Department of Housing and Urban Development ("HUD") for as much as $2 million for making fraudulent home mortgage loans to 19 home buyers. InterAmerican had falsified income, asset and down payment information which enabled purchasers to qualify for larger mortgages than they could otherwise afford.

13. On February 23, 2007, Kontogiannis pled guilty to a one-count information charging him Money Laundering in violation of Title 18, United States Code, Section 1957. This offense was related to Kontogiannis's assisting former Congressman Cunningham with laundering the proceeds of bribes.

14. Kontogiannis pled guilty pursuant to a written plea agreement in which he agreed to forfeit $1,012,538.75, as proceeds traceable to certain unlawful activities, including violations of Title 18, United States Code, Section 1957.

15. On May 7, 2007, Parkview Financial, Inc. (a New York based financial company controlled by Kontogiannis) issued check no. 1026 in the amount of $1,012,538.75 to the United States Treasury Department. This check was drawn on Parkview Financial Inc. escrow account No. (ending in 8174), which is located at the North Fork Bank, Bellerose, New York 11426.

16. Parkview Financial check no. 1026 was subsequently deposited into a United States Treasury suspense account.

17. A review of Parkview Financial Escrow Account No. (ending in 8174) reveals that the $1,012,538.75 (check no. 1026) was derived from several transfers from Loring Estates LLC

---

[2] As part of a plea agreement, it appears that Kontogiannis again received a probationary sentence. It also appears that he and his business had to pay $4.8 million in restitution that was partially secured by a mortgage on the property located at 1 Cross Island Plaza, Rosedale, New York.

("Loring Estates") bank account no. (ending in 0329). According to bank records, this account is also located at the North Fork Bank and controlled by Mr. Kontogiannis.[3]

18. The funds contained in the Loring Estates bank account, in turn, appear to be derived exclusively from a wire and bank fraud scheme perpetrated by Kontogiannis in order to obtain a series of fraudulent mortgages. This conclusion has been confirmed, *inter alia,* through admissions made by Kontogiannis, statements made by witnesses, and various documents and records (including bank records and loan files). This information reveals that this mortgage fraud and money laundering scheme involves over $100 million in fraudulent mortgages. Most of these fraudulent mortgages were written for addresses associated with construction projects that Kontogiannis was developing or was preparing to develop.

19. This mortgage fraud scheme lasted for years, with lulling payments continuing through at least July 2007. This scheme operated like a traditional Ponzi scheme in which additional fraudulent mortgages were written and sold to unsuspecting financial institutions (Washington Mutual alone purchased over $50 million of these fraudulent mortgages) in order to make payment on, or pay off, older fraudulent mortgages.

20. Another aspect of the scheme was the use of multi-layered financial transactions in order to inhibit the tracing of money to specific mortgages. One pattern of such activity involved the use of the Loring Estate bank account at North Fork Bank. Loring Estates is a development project associated with Kontogiannis and a project associated with millions of dollars of fraudulent mortgages. Typical activity for this account and scheme would involve the following:

    a. depositing mortgage fraud proceeds (generated either directly from credit line being used to temporarily fund mortgages or from the ultimate sale of the fraudulent mortgage) into the Loring Estates account;

//

---

[3] North Fork Bank records reveal that Kontogiannis has over 70 separate bank accounts at this single financial institution.

1  b.  transferring of proceeds to another Kontogiannis-related account held in the name of Parkview Financial, Inc., or Coastal Capital Corp.;

c.  transferring of proceeds to yet another Kontogiannis-related account held in the name of Parkview Financial, Inc.; and

d.  Parkview Financial remits lulling payments for dozens of fraudulent mortgages.

21.  The foregoing pattern dates back to at least 2005 and continued through at least July 2007. The defendant $1,012,538.75 was seized mid-stream in this pattern – after it had been transferred from the Loring Estates account into Parkview Financial account no. (ending in 8174).

22.  Prior to and on and after May 7, 2007, the defendant $1,012,538.75 is property that constitutes or is derived from proceeds obtained by Parkview Financial and Thomas Kontogiannis, which are traceable to one or more specified unlawful activities, to wit: wire fraud in violation of Title 18, United States Code, Section 1343, and bank fraud in violation of Title 18, United States Code, Section 1344.

23.  Prior to and on and after May 7, 2007, the defendant $1,012,538.75 was property involved in or traceable to property involved in transactions in violation of Title 18, United States Code, Section 1957 in that Parkview Financial and Thomas Kontogiannis knowingly engaged in a series of monetary transactions in criminally derived property of a value greater than $10,000, which property was, in fact, derived from specified unlawful activities, to wit: wire fraud in violation of Title 18, United States Code, Section 1343, and bank fraud in violation of Title 18, United States Code, Section 1344.

24.  By virtue of the aforementioned acts, uses, and premises alleged herein, either singly or in combination, the defendant currency is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (C).

25.  The defendant currency is presently located within the jurisdiction of this Court.

//
//
//
//

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant $1,012,538.75, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared; that judgment be entered declaring the defendant currency to be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court shall deem just and proper.

DATED: November 16, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ PLBHalpern*
SANJAY BHANDARI
VALERIE H. CHU
JASON A. FORGE
PHILLIP L. B. HALPERN
Assistant U.S. Attorneys

## VERIFICATION

I, Jamie E. Harrison, state and declare as follows:

1. I am a Special Agent with United States Internal Revenue Service, Criminal Investigation Division, and am one of the case agents assigned to this investigation.

2. I have read the foregoing Complaint for Forfeiture *In Rem* and know its contents.

3. The facts set forth in the Complaint for Forfeiture *In Rem* are based upon my own knowledge or were facts furnished to me by official Government sources.

Based on this information, I believe the allegations in the Complaint for Forfeiture *In Rem* to be true and correct.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on November 16, 2007.

JAMIE E. HARRISON
SPECIAL AGENT
INTERNAL REVENUE SERVICE

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

$1,012,538.75 IN U.S. CURRENCY

FILED
07 NOV 16 PM 1:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP DEPUTY

'07 CV 2194 WQH (AJB)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

AUSA PHILLIP L.B. HALPERN
880 FRONT STREET, ROOM 6293
SAN DIEGO, CA 92101-8893
(619) 557-5165

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

TITLE , UNITED STATES CODE, SECTION 981(a)(1)(A) and (C)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of &Enforcement of Judgment | | ☐ 368 Asbestos Personal Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☒ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Exchange |
| ☐ 153 Recovery of of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic |
| ☐ 195 Contract Product | | | | FEDERAL TAX SUITS | ☐ 893 Environmental |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. or Defendant) | ☐ 894 Energy Allocation |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Habeas Corpus | ☐ 790 Other Labor | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Under Equal Access to |
| ☐ 230 Rent Lease & | ☐ 443 | ☐ 530 General | Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See JUDGE                           Docket Number

DATE  11/16/07

SIGNATURE OF ATTORNEY OF RECORD
PHILLIP L.B. HALPERN, AUSA