```
 1  KAREN P. HEWITT
    United States Attorney
 2  SANJAY BHANDARI
    California State Bar No. 189120
 3  VALERIE H. CHU
    California State Bar No. 241709
 4  JASON A. FORGE
    California State Bar No. 181542
 5  PHILLIP L. B. HALPERN
    California State Bar No. 133370
 6  Assistant U.S. Attorneys

 7  Federal Office Building
    880 Front Street, Room 6293
 8  San Diego, California 92101-8893
    Telephone: (619) 557-7042/7837/7463/5165
 9
    Attorneys for Plaintiff
10  United States of America
```

FILED
07 NOV 16 PM 3:23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:          CP           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 07CV 2194 WQH (AJB) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | EX PARTE MOTION TO APPOINT INTERNAL REVENUE SERVICE AS CUSTODIAN AND TO DEPOSIT DEFENDANT IN TREASURY SUSPENSE ACCOUNT AND TO SUBSTITUTE THE RES |
| $1,012,538.75 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, United States of America, and moves this Court, pursuant to General Order 273 issued by this Court, for an order appointing the Internal Revenue Service as custodian of the defendant currency upon execution of the warrant of arrest *in rem*. In support of this motion, plaintiff states as follows:

1. The Internal Revenue Service has been staffed with personnel experienced in providing for the management of properties such as the defendant in this case.

2. The Internal Revenue Service has consented to assume responsibility for the protection, maintenance, and safety of the defendant during the period the same remains in custodia legis.

3. The continued custody of the Internal Revenue Service following execution of the warrant of arrest *in rem* is necessary and in the best interests of the plaintiff in this case, given the nature of the defendant and the expertise within the Internal Revenue Service to provide for the management, protection and preservation of the defendant.

4. The Internal Revenue Service has established an account, the Treasury Suspense Account, for the deposit of seized currency until further order of the Court. It is further requested that the Internal Revenue Service place the defendant currency in the Treasury Suspense Account. In the event any of the defendant currency is ordered to be returned to any claimant, the Court may order the payment of interest thereon. Depositing seized currency in such an account is proper. See United States v. $57,480.05, 722 F.2d 1457 (9th Cir. 1984) (placing seized cash in bank account was not improper). The account credit of tangible dollars will constitute an appropriate substitute for the original defendant currency (res). Id.

WHEREFORE, plaintiff respectfully requests that General Order No. 273 be granted permitting the appointment of the Internal Revenue Service as custodian and that the defendant currency be deposited in the aforementioned account and the res be therefore substituted in this action.

DATED: November 16, 2007

KAREN P. HEWITT
United States Attorney

SANJAY BHANDARI
VALERIE H. CHU
JASON A. FORGE
PHILLIP L. B. HALPERN
Assistant U.S. Attorneys